UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


CASE NO.:  14-CV-21447-UNGARO/OTAZO-REYES


DANIEL LOPEZ,

        Plaintiff,

v.

RINCON ANTIOQUENO RESTAURANTE, INC., a
Florida for Profit Corporation, and MARIA M.
HERNANDEZ, TRS
_____/


**<u>DEFENDANT RINCON ANTIOQUENO RESTAURANTE, INC.'S</u>**
**<u>ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES</u>**
**<u>TO PLAINTIFF'S COMPLAINT</u>**


Defendant, RINCON ANTIOQUENO RESTAURANTE, INC., (hereinafter "Rincon Antioqueno" or "Defendant") by and through its' undersigned counsel, hereby serves and files its' Answer, Defenses and Affirmative Defenses to Plaintiff's Complaint and respectfully state as follows:

1. In response to paragraph 1, Defendant denies the allegations contained in said paragraph except admits that it runs a restaurant specializing in Columbian cuisine at 6521 S.W. 8th Street, which is located in Miami-Dade County.

2. In response to paragraph 2, Defendant denies the factual allegations contained in said paragraph except admits that Defendant operates a restaurant in Miami-Dade County and thus, venue is proper in this Court.

3. In response to paragraph 3, Defendant denies the factual allegations contained in said paragraph except admits that Plaintiff purports to invoke the original jurisdiction of this Court under 42 U.S.C. §12181, *et. seq.* and 28 U.S.C. §1331 and §1343.

4. In response to paragraph 4, Defendant is without knowledge or information as to the validity of the allegations set forth in this paragraph concerning the information Plaintiff provided about himself, including, but not limited to, his residence, disability, purpose, background, language skills, standing and thus, denies same and demands proof thereof.  Defendant denies that the facility is not in compliance with the ADA and ADAAG, and accordingly demands proof thereof.

5. In response to paragraph 5, Defendant denies the allegations contained in said paragraph except admits that Defendant is a lessee of the space and operates a restaurant located at 6521 S.W. 8th Street, Miami, Florida.

6. In response to paragraph 6, Defendant denies the allegations contained in said paragraph except admits that he is a tenant of the property located at 6521 S.W. 8th Street, Miami, Florida.

7. In response to paragraph 7, Defendant is without knowledge or information concerning the allegations set forth in this paragraph and thus, denies the allegations.

8.  In response to paragraph 8, Defendant is without knowledge or information concerning the allegations set forth in this paragraph and thus, denies the allegations.

9.  In response to paragraph 9 (including subparts i through xvii), Defendant denies the allegations contained in said paragraph.

10. In response to paragraph 10, Defendant is without knowledge or information as to how often Plaintiff frequents the area Defendant's restaurant is located at, his intentions or plans to return to the area, or his purpose in visiting the area and thus denies all of the allegations set forth in this paragraph.  Defendant denies that the facility is not in compliance with the ADA and ADAAG, and accordingly demands proof thereof.

11. In response to paragraph 11, Defendant denies the allegations contained in said paragraph and demands proof thereof.

12. In response to paragraph 12, Defendant denies the allegations contained in said paragraph and demands proof thereof.

13. In response to paragraph 13, Defendant is without knowledge or information sufficient to form a belief as to the truth or validity of the allegations set forth in this paragraph and therefore, denies it and demands proof.  Defendant denies the remaining allegations, including a denial that the facility is not in compliance with the ADA and ADAAG.

14. In response to paragraph 14, Defendant denies the allegations contained in said paragraph.

15. In response to paragraph 15, Defendant denies the allegations contained in said paragraph.

16. In response or paragraph 16, Defendant is without knowledge or information sufficient to form a belief as to the truth or validity of the allegations set forth in this paragraph and therefore, denies it.

17. In response to paragraph 17, Defendant states that this paragraph sets forth several legal conclusions and does not set forth any factual allegations. To the extent a response is required, any factual allegations contained in paragraph 17 are denied.

18. In response to paragraph 18, Defendant states that this paragraph sets forth a legal conclusion and does not set forth any factual allegations. To the extent a response is required, any factual allegations contained in paragraph 18 are denied.

19. In response to paragraph 19, Defendant states that this paragraph sets forth a legal conclusion and does not set forth any factual allegations. To the extent a response is required, any factual allegations contained in paragraph 19 are denied.

20. In response to the WHEREFORE clause (including subparts a through d) following paragraph 19 of the Complaint, Defendant denies that Plaintiff is entitled to any relief.

Each and every allegation not specifically admitted herein is denied.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

1.      Plaintiff has failed to state a claim upon which relief can be granted. The allegations fail to set forth an adequately supportive prima facie case based upon discrimination due to disability.

2.      Plaintiff's Complaint fails to state a claim upon which injunctive relief can be granted against Defendant.

3.      Plaintiff was not excluded from participation in nor denied any benefit of any service offered at the property.

4.      Plaintiff lacks standing to proceed with this action, and/or has suffered no injury cognizable under the American with Disabilities Act ("ADA")

5.      Plaintiff has no reasonable grounds for belief that he or any person similarly situated, has been, or will be, subject to discrimination in violation of the ADA.

6.      Defendant is the tenant of the property and took possession of the space as is.  This Defendant did not create any impediment(s), which are claimed to be violations of the ADA.

7.      This Defendant is not subject to the requirements or construction standards of the ADA and ADAAG (American with Disabilities Act Accessibility Guidelines for Buildings and Facilities) as the building and space was constructed prior to these standards becoming applicable.

8.      One or more of the barriers for which Plaintiff wants removed are not technically feasible as this building was constructed prior to the adoption of the

1922 standards and guidelines; as such, Plaintiff's claims for such relief must be denied.

9.      Plaintiff has demanded modifications to Defendant's facilities which are either not readily achievable, technically infeasible, not required, create an undue hardship on Defendant, and/or would fundamentally alter the way that Defendant provides its goods and services.

10.     Plaintiff has no standing to assert or complain of alleged barriers to access that are not related to his alleged disability.

11.     Plaintiff has no standing to assert or complaint of alleged barriers to access of which he was unaware at the time of filing of the Complaint.

12.     Without otherwise admitting the validity of the allegations of Plaintiff's Complaint, Defendant states that it was taking affirmative action before litigation or notice of impending litigation to remove any barriers and such improvements were not in any way the result of, or related to, the present litigation or any threat of litigation, and therefore, Plaintiff's Complaint should be dismissed.

13.     Plaintiff is not entitled to recover any attorney's fees and costs from Defendant in that the process to undertake improvements to bring the property into compliance was underway prior to filing this Complaint, and was not in any way the result of or related to the present litigation or threat of litigation.

14.     Plaintiff has no standing to seek prospective injunctive relief, having alleged past discrimination that is unlikely to be repeated.

15.     Defendant reserves the right to assert additional defenses as may appear applicable during the course of this litigation.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in favor of the Defendant, award Defendant's reasonable attorney's fees and costs and any other relief that this Court deems just and proper.

DATED this 21st day of May 2014

Respectfully submitted,

_____/s/_____
Ena T. Diaz
Fla. Bar No. 0090999
ENA T. DIAZ, P.A.
*Attorney for El Rincon Antioqueno*
999 Ponce De Leon Blvd. – Ste 720
Coral Gables, FL 33134
Tel.:  (305) 377-8828
Fax:  (305) 356-1311
ediaz@enadiazlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed Defendants' Answer, Defenses and Affirmative Defenses with the Clerk of Court by using the CM/ECF system which will in turn send a notice of electronic filing to: Stephan M. Nitz, Stephan M. Nitz, P.A., 4302 Hollywood Blvd., Suite 1010, Hollywood, FL 33021, this 21st day of May 2014.

_____/s/_____
ENA T. DIAZ